IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:19-CV-141-NBB-RP |
| v. | ) ) ) | |
| VALLEY TOOL, INC. | ) | **COMPLAINT** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Lottie Johnson Washington who was adversely affected by such practices.

As alleged with greater particularity in paragraph 14 below, Plaintiff Equal Employment Opportunity Commission claims Defendant Valley Tool, Inc. (Defendant Employer), violated Title VII by refusing to give Washington wage increases in retaliation for Washington filing a charge of discrimination against Defendant Employer with the Commission.

Defendant Employer also failed to maintain employee medical records separate from employee personnel files in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(d)(3)(B).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant Employer owns a manufacturing plant located at 101 Industrial Park Road, Water Valley, MS 38965.

5. At all relevant times, Defendant Employer has been doing business continuously in the State of Mississippi and the City of Water Valley and has at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Washington filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

8. On December 13, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9 The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10. The Commission was unable to secure a conciliation agreement from Defendant Employer that was acceptable to the Commission.

11. On March 21, 2019, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least June 2018, Defendant Employer has engaged in unlawful employment practices at 101 Industrial Park Road, Water Valley, MS 38965, in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-3(a).

14. The unlawful employment practices include retaliating against Washington by refusing to provide Washington with wage increases because she filed a charge of discrimination with the Commission.

   a. Defendant Employer hired Washington as a sorter on or around September 9, 2016.

   b. At hire, Johnson earned $8.00 per hour.

   c. After working 90 days and as per Defendant Employer's policy, Defendant Employer increased Johnson's hourly wage from $8.00 per hour to $8.50 per hour in December 2016.

   d. In March 2017, Respondent raised Washington's hourly wage from $8.50 per hour to $9.00 per hour.

   e. On June 1, 2017, Washington filed a charge of discrimination with the Commission against Defendant Employer.

   f. Defendant Employer's president/owner advised Washington he would not grant her another wage increase because Washington had contacted the "Labor Board" and before Washington's charge of discrimination, Defendant Employer had never had a charge of discrimination filed against it.

   g. When the Commission's investigator interviewed Defendant Employer's president/owner, he admitted to retaliating against Washington by denying her wage increases because "we've got this EEOC thing going."

   h. Defendant Employer's president/owner also admitted to retaliating against Washington by denying her wage increases because Defendant Employer was having to spend a lot of money responding to Washington's charge of discrimination.

i. Defendant Employer's president/owner further lamented that in over 21 years of ownership, Washington's charge was the first complaint received by Defendant Employer.

15. The effect of the practices complained of in paragraph(s) 14 a-i above has been to deprive Washington of equal employment opportunities and otherwise adversely affect her status as an employee, because she filed a charge of discrimination.

16. The unlawful employment practices include Defendant Employer failing to maintain medical information on separate forms and in separate medical files.

   a. The Commission conducted an onsite investigation of Defendant Employer on or around June 6, 2018.

   b. During the onsite investigation, the Commission reviewed personnel files of Defendant Employer as part of its investigation.

   c. The Commission observed medical information placed in the personnel files instead of placement in separate medical files.

   d. Defendant Employer failed to segregate medical and non-medical information on separate forms and in separate medical files in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(d)(3)(B).

17. The unlawful employment practices complained of in paragraph 14 above were intentional.

18. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Washington.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against its employees by refusing to provide an employee with a wage increase because the employee has filed a charge of discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have complained of discrimination and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Lottie Johnson Washington, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Lottie Johnson Washington by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above.

E. Order Defendant Employer to make whole Lottie Johnson Washington by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant Employer to pay Lottie Johnson Washington punitive damages for its malicious and reckless conduct, as described in paragraph 14 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*s/ Faye A. Williams*
**FAYE A. WILLIAMS**
TN Bar No. 011730
Regional Attorney

*s/ Markeisha K. Savage*
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693
Telephone (901) 544-0133
Facsimile (901) 544-0111
markeisha.savage@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN 38104